UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jamul Action Committee,<br><br>                Plaintiff,<br><br>    v.<br><br>Department of the Interior, Office of Indian Gaming, et al.,<br><br>                Defendants. | No. 2:22-cv-02148-KJM-JDP<br><br>ORDER |

      In a previous order, this court dismissed the operative complaint in this action without leave to amend and closed the case. *See generally* Order (Aug. 29, 2023), ECF No. 35. The complaint's first claim, under the Freedom of Information Act, was moot because the plaintiff, the Jamul Action Committee (JAC), had received a copy of the document it sought, a map. *Id.* at 4. The remaining claims lacked support in a "cognizable legal theory" and did not meet the federal pleading standard for averments of fraud. *See id.* at 5–6. The court did not permit any amendments because the JAC did not explain how it could assert a potentially viable claim that would not impermissibly challenge the rights and claims of a federally recognized Indian tribe, the Jamul Indian Village, contrary to Federal Rule of Civil Procedure 19. *See id.* at 6. The JAC now moves to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See*

1  *generally* Mot., ECF No. 37.  The motion is fully briefed and the court submitted it without a
2  hearing.  *See generally* Opp'n, ECF No. 40; Reply, ECF No. 40; Min. Order, ECF No. 42.
3       Rule 59(e) motions generally are for the purpose of correcting clear errors and accounting
4  for newly discovered evidence or intervening changes in the law.  *See, e.g.*, *Garcia v. Biter*,
5  195 F. Supp. 3d 1131, 1132 (E.D. Cal. 2016).  They are not for relitigating disputes or for raising
6  arguments and evidence that a party could reasonably have raised earlier.  *See id.* at 1132–33. The
7  JAC has not identified a clear error and has not cited newly available evidence or changes in the
8  law.  Its request to reconsider relitigates its previous motion and advances the misleading claim
9  that the government has withheld or concealed a map that has long been publicly available. Nor
10 has the JAC explained how it can assert its proposed claims without making the Jamul Indian
11 Village a necessary party.  *See* Order (Aug. 29, 2023) at 6 (citing *Jamul Action Comm. v.*
12 *Chaudhuri*, 200 F. Supp. 3d 1042, 1049–51 (E.D. Cal. 2016), *aff'd sub nom. Jamul Action Comm.*
13 *v. Simermeyer*, 974 F.3d 984 (9th Cir. 2020)).  The JAC's motion and reply also include a number
14 of puzzlingly incorrect assertions, such as that this court "did not grant [the] motion to dismiss
15 Claim One," Mot. at 9, and "did not decide all the claims and issues with respect to all the
16 parties," Reply at 1.  *See* Order (Aug. 29, 2023) at 4 (dismissing claim one); *id.* at 5–6 (dismissing
17 all remaining claims; *id.* at 6 (denying leave to amend and closing case).
18      For these reasons, the court **denies** the motion at ECF No. 37.
19      IT IS SO ORDERED.
20 DATED:  January 8, 2024.

                                    _____
                                    CHIEF UNITED STATES DISTRICT JUDGE